IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEATHER BAKER DAVIS,**

Plaintiff,

v.  CIVIL ACTION NO. 2:10-CV-30
(BAILEY)

**COMMISSIONER OF
SOCIAL SECURITY,**

Defendant.

## ORDER

On January 11, 2011, Magistrate Judge John S. Kaull filed his Report and Recommendation (R&R) (Doc. 18) in the above-styled matter, wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Defendant filed objections on January 24, 2011 (Doc. 19). This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Kaull in his R&R. Magistrate Judge Kaull has recommended that this matter be remanded for a determination of the work-day limitations caused by plaintiff's urinary frequency during the relevant time period, and the effect such determination has on the VE's response to the resulting hypothetical. Defendant has objected arguing that such recommendation usurps the ALJ's fact-finding role, and that a hypothetical question need not include every limitation alleged by claimant.

Upon consideration of the defendant's objections, this Court finds that the defendant has not raised any issues that were not thoroughly and properly considered by the

Magistrate Judge in his R&R. In considering the defendant's objections, this Court finds that the Magistrate Judge's recommendation does not usurp the ALJ's fact-finding role, but instead seeks more specific fact-finding from the ALJ. At no time does the Magistrate Judge recommend the finding of any facts. Instead, the Magistrate Judge recommends a remand so that the ALJ will have an opportunity to make more specific findings of fact with regard to the frequency and duration of the plaintiff's necessary restroom usage during a normal workday at times relevant to this matter.

Other courts have found that when a claimant has a specific need to have a bathroom at ready access, the ALJ should make specific findings regarding the frequency and duration of necessary usage and include such findings in the claimant's residual functional capacity. *See Green v. Astrue*, 2010 WL 2901765 (E.D. Tenn. July 2, 2010); *Brueggen v. Barnhart*, 2006 WL 5999614 (W.D. Wis. December 15, 2006). In the instant matter, the ALJ did include in the plaintiff's residual functional capacity a required accommodation of placing the plaintiff close to the bathroom. Therefore, as more specifically discussed by the Magistrate Judge in the R&R, this Court finds that more specific findings regarding the frequency and duration of plaintiff's need for the bathroom during the relevant time frame must necessarily also be included. Defendant's objections are overruled.

This Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the proposed R&R accurately reflects the law applicable to this case. Accordingly, this Court agrees with the Magistrate Judge that this matter must be remanded. Therefore, it is

ORDERED that Magistrate Judge Kaull's R&R (Doc. 18) be, and the same hereby is, **ADOPTED**. In accordance with the R&R, it is

ORDERED that the plaintiff's Motion for Summary Judgment (Doc. 12) shall be, and the same hereby is, **GRANTED IN PART**. It is further

ORDERED that the defendant's Motion for Summary Judgment (Doc. 15) shall be, and the same hereby is, **DENIED**. It is further

ORDERED that this matter is **REVERSED AND REMANDED** to the ALJ pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further action in accordance with this Order and the R&R. It is further

ORDERED that the Clerk of Court shall enter judgment reversing the decision of the ALJ and remanding the case to the defendant for further proceedings and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within ninety (90) days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgment and to send a copy of this Order to all counsel of record.

DATED: February 2, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE